THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HUGH DAVID MANLEY *et al.*, Defendants-Appellants.

(No. 69-72;

Fifth District—July 16, 1971.

Morton Zwick, of Defender Project, of Chicago, (Matthew J. Moran, of counsel,) for appellants.

R. W. Griffith, Jr., State's Attorney, of Edwardsville, for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a jury verdict of guilty rendered by the Circuit Court of Madison County. Defendants were convicted of burglary and subsequently sentenced to terms in the State Penitentiary.

Two errors are cited on this appeal. The first is that it was error to give an instruction containing a definition of reasonable doubt. The second alleged error is the permitting of the jury to take into the jury room during deliberations exhibits showing the prior convictions of defendants.

The instruction complained of reads as follows:

"The Court instructs the jury that a doubt to justify an acquittal must be reasonable, and it must arise from a candid and impartial consideration of all the evidence in the case; and be such that, were the same kind of doubt interposed in the graver transactions of life, it would cause a reasonable and prudent man to hesitate and pause. If, after considering all the evidence, you can say you have an abiding conviction of the truth of the charge, you are satisfied beyond a reasonable doubt."

In the case of *People v. Cagle* (1969), 41 Ill.2d 528, 244 N.E.2d 200, the Court held the giving of the following instruction to be reversible error:

"The Court instructs the jury, that a doubt, to justify an acquittal, must be reasonable, and it must arise from a candid and impartial investigation and consideration of all the evidence in the case and unless it is such that, were the same kind of doubt interposed in the grave transactions of life it would cause a reasonable and prudent man to hesitate and pause, it is insufficient to authorize a verdict of not guilty.

"If, after considering all the evidence in the case, you can say you have an abiding conviction of the truth of the charge, then you are satisfied beyond a reasonable doubt."

The Court stated at 244 N.E.2d, p. 204:

"This Court has repeatedly held that the legal concept of 'reasonable doubt' needs no definition, and that where an involved instruction on that concept is given it may be deemed prejudicial error. [Case cited.]"

■■ It is readily apparent that the instruction in the instant case is almost exactly that given in *Cagle* and, therefore, the giving of this instruction requires the reversal of this action.

The court refused to give defendants' tendered instruction concerning the manner in which the jury was to view the evidence of the defendants' prior convictions. This evidence was admitted for purposes of im-

peaching the credibility of the defendants and the jury should have been so instructed. In addition, the jury had the opportunity to consider not only the fact of conviction but also the previous penalties imposed as shown on the exhibits.

The taking of physical evidence into the jury room by the jury is within the sound discretion of the trial judge. (*People v. Levato* (1928), 330 Ill. 498, 161 N.E. 731; *People v. Allen* (1959), 17 Ill.2d 55, 161 N.E.2d 818.) However, where this procedure may be prejudicial to the defendant, it must be closely scrutinized.

■■ In our opinion the court abused its discretion in permitting these exhibits to be taken with the jury during their deliberation, particularly in as much as those exhibits indicated the penalties imposed in the prior proceedings. Submitting the transcripts of conviction for examination by the jury during their deliberations could serve no purpose but to forcefully emphasize the prior convictions to a jury to which the exhibits had during the trial been displayed to the jury.

■■ We further hold that the refusal of the court to give an instruction to the jury in regard to the prior conviction of the defendants to be error. We do not necessarily approve of the instruction tendered by the defendants in this regard but direct attention to Illinois Pattern Instruction (Criminal) 3.13 recently approved by the Supreme Court of Illinois.

The prosecution contends that here the evidence of guilt was overwhelming and that defendants were not prejudiced by whatever errors were commited in giving the reasonable doubt instruction or refusing the limiting instruction. As pointed out in *Cagle,* instructions on reasonable doubt have long been condemned by our Supreme Court, and the taking of the transcripts of prior conviction to the jury room, without an instruction limiting their use could hardly result in anything other than prejudice.

We therefore reverse and remand for a new trial.

Reversed and remanded.

JONES and G. MORAN, JJ., concur.