GRAYLIN GRAY, APPELLANT, v. MICHAEL KENNEY,
DIRECTOR OF NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES, APPELLEE.
___ N.W.2d ___

Filed May 15, 2015.    No. S-14-378.

1. **Affidavits: Appeal and Error.** A district court's denial of in forma pauperis status under Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court.
2. **Habeas Corpus: Judgments: Collateral Attack.** Under Nebraska law, an action for habeas corpus is a collateral attack on a judgment of conviction.
3. **Judgments: Collateral Attack.** Only a void judgment may be collaterally attacked.
4. **Judgments: Jurisdiction: Collateral Attack.** Where a court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack.
5. **Habeas Corpus.** A writ of habeas corpus is not a writ for correction of errors, and its use will not be permitted for that purpose.
6. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Petition for further review from the Court of Appeals, IRWIN, BISHOP, and RIEDMANN, Judges, on appeal thereto from the District Court for Lancaster County, STEVEN D. BURNS, Judge. Judgment of Court of Appeals affirmed as modified.

Graylin Gray, pro se.

Douglas J. Peterson, Attorney General, and George R. Love and, on brief, Jon Bruning, former Attorney General, for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

PER CURIAM.
Graylin Gray filed a petition in the district court for Lancaster County seeking a writ of habeas corpus. He moved to proceed in forma pauperis, and the district court denied the motion. The Nebraska Court of Appeals affirmed, and Gray petitioned for further review. We affirm as modified.

## BACKGROUND

Gray was convicted of unlawful possession of four or more financial transaction devices and unlawful circulation of financial transaction devices in the first degree. He was found to be a habitual criminal and sentenced to 10 to 20 years' imprisonment on each count, the sentences to run consecutively. On direct appeal, in case No. A-08-336, the Nebraska Court of Appeals affirmed his convictions and sentences in an unpublished memorandum opinion filed on March 12, 2009. Subsequently, on July 28, 2010, in case No. A-10-147, the Court of Appeals affirmed in another unpublished memorandum opinion a judgment denying Gray's motion for postconviction relief. The U.S. District Court for the District of Nebraska then dismissed Gray's petition for habeas corpus challenging the same convictions.[1]

In 2014, Gray filed a verified petition for writ of habeas corpus in the district court for Lancaster County, naming "Michael Kenney, Director of Nebraska Department of Correctional Services" as respondent. In his petition, Gray alleged his convictions and sentences were void, because the trial court made the habitual criminal determination utilizing the standard of "beyond a reasonable doubt," rather than the standard of "by a preponderance of the evidence." Gray filed a motion to proceed in forma pauperis, supported by his poverty affidavit. Kenney objected to the motion on the ground that Gray's petition for writ of habeas corpus had "no basis in fact or law and [was] frivolous." The district court agreed and denied Gray's motion to proceed in forma pauperis. Gray appealed.

In a published opinion, the Nebraska Court of Appeals affirmed.[2] It agreed that Gray's habeas petition was frivolous within the meaning of Neb. Rev. Stat. § 25-2301.02 (Reissue 2008), reasoning: "The fact that the district court applied a higher burden of proof in determining Gray's habitual criminal status does not make his sentences void. Because the district court had proper jurisdiction and Gray's sentences were

---

[1] *Gray v. Britten*, No. 4:10CV3219, 2011 WL 3962124 (D. Neb. Sept. 7, 2011).

[2] *Gray v. Kenney*, 22 Neb. App. 739, 860 N.W.2d 214 (2015).

within its power to impose, his petition for habeas corpus is frivolous."[3]

Although this determination was dispositive of the appeal, the Court of Appeals went on to address Kenney's arguments that any claims regarding Gray's status as a habitual criminal were precluded under the doctrines of res judicata and law of the case. The court determined that res judicata did not apply, because Kenney was not a party to the original criminal prosecution and there was no showing that he was in privity with the State of Nebraska, which filed the original criminal case and was also a party to a subsequent postconviction proceeding. But, reasoning that we have applied the law-of-the-case doctrine in postconviction cases, the Court of Appeals held as a matter of first impression that "the law-of-the-case doctrine applies to issues raised in a petition for a writ of habeas corpus if that same issue was raised in the appellate court on direct appeal."[4]

We granted Gray's petition for further review and ordered that the matter be submitted without oral argument or further briefing.

## ASSIGNMENT OF ERROR

Gray assigns, restated, that the Court of Appeals erred in determining that the district court properly denied his motion to proceed in forma pauperis on the ground that his petition for writ of habeas corpus was frivolous.

## STANDARD OF REVIEW

[1] A district court's denial of in forma pauperis status under § 25-2301.02 is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court.[5]

## ANALYSIS

Section 25-2301.02(1) permits a court to deny a party's application to proceed in forma pauperis where the party

---

[3] *Id.* at 743, 860 N.W.2d at 219.

[4] *Id.* at 746, 860 N.W.2d at 221.

[5] *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012).

"(a) has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious." In this context, a frivolous legal position is "one wholly without merit, that is, without rational argument based on the law or on the evidence."[6] The only issue in this appeal is whether the legal position asserted in Gray's petition for a writ of habeas corpus was frivolous.

[2-5] We agree with the district court and the Court of Appeals that it was. Under Nebraska law, an action for habeas corpus is a collateral attack on a judgment of conviction.[7] Only a void judgment may be collaterally attacked.[8] Where a court has jurisdiction of the parties and the subject matter, its judgment is not subject to collateral attack.[9] A writ of habeas corpus is not a writ for correction of errors, and its use will not be permitted for that purpose.[10]

Gray alleged that his convictions and sentences were void because the district court determined that he was a habitual criminal "beyond a reasonable doubt," when the applicable standard for that determination is "by a preponderance of the evidence."[11] This allegation has nothing to do with the jurisdiction of the court which convicted and sentenced Gray. As the Court of Appeals correctly determined, application of a more stringent burden of proof than the law required to determine Gray's habitual criminal status does not make his sentences void.

[6] Because the Court of Appeals correctly determined from the face of Gray's pleading that his legal position was frivolous, it did not need to address whether res judicata applied or whether the law-of-the-case doctrine applies in a

---

[6] *Id.* at 866, 824 N.W.3d at 32.

[7] *Peterson v. Houston, supra* note 5. See *Rehbein v. Clarke*, 257 Neb. 406, 598 N.W.2d 39 (1999).

[8] *Peterson v. Houston, supra* note 5.

[9] *Id.*

[10] *Id.*

[11] See, *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013); *State v. Kinser*, 283 Neb. 560, 811 N.W.2d 227 (2012); *State v. Hurbenca*, 266 Neb. 853, 669 N.W.2d 668 (2003).

state habeas corpus action. An appellate court is not obligated
to engage in an analysis that is not necessary to adjudicate the
case and controversy before it.[12] And for the same reason, we
do not reach the merits of these issues. The Court of Appeals'
discussion of res judicata and the applicability of the law-of-
the-case doctrine is dicta and should not be regarded as prec-
edential.[13] The applicability of the law-of-the-case doctrine
in a state habeas corpus action is an issue to be resolved in
another case on another day.

### CONCLUSION

For the foregoing reasons, we affirm the judgment of the
Court of Appeals, as modified.

Affirmed as modified.

_____

[12] *State v. Pangborn*, 286 Neb. 363, 836 N.W.2d 790 (2013); *State v. Au*, 285
Neb. 797, 829 N.W.2d 695 (2013).

[13] See *Blue Tee Corp. v. CDI Contractors, Inc.*, 247 Neb. 397, 529 N.W.2d
16 (1995).

_____

Jeremy Schaffer, appellant, v.
Cass County et al., appellees.
___ N.W.2d ___

Filed May 15, 2015.    No. S-14-542.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law,
   for which an appellate court has an obligation to reach an independent conclusion
   irrespective of the decision made by the court below.
2. **Administrative Law: Appeal and Error.** Sheriffs' merit commissions are con-
   sidered "tribunals" under Neb. Rev. Stat. § 25-1901 (Reissue 2008).
3. **Jurisdiction: Time: Appeal and Error.** A failure to file a timely appeal deprives
   the district court of jurisdiction to hear the appeal.
4. **Statutes.** Where general and special provisions of statutes are in conflict, the
   general law yields to the special provision or more specific statute.

Appeal from the District Court for Cass County: Daniel
E. Bryan, Jr., Judge. Reversed and remanded for further
proceedings.