IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 45296

STATE OF IDAHO,       )
      )
      Plaintiff-Respondent,       )
      )       **Boise, January 2019 Term**
v.       )
      )       **Filed: March 5, 2019**
MATTHEW JOSEPH ABRAMOWSKI,       )
      )       **Karel A. Lehrman, Clerk**
      Defendant-Appellant.       )
_____ )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. George D. Carey, Senior District Judge.

The decisions of the district court are <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Ben P. McGreevy argued.

Honorable Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Lori A. Fleming argued.

_____

BRODY, Justice.

This case centers on the district court's denial of a motion to expunge a criminal record. Matthew Abramowski was charged with, and ultimately pled guilty to, first degree arson when he was 15 years old. He was charged as an adult, but received a blended sentence which gave the Department of Juvenile Corrections jurisdiction over Abramowski while he was a juvenile. The district court withheld judgment and eventually dismissed the case.

After the dismissal, Abramowski filed a motion to seal the case pursuant to Rule 32(i) of the Idaho Court Administrative Rules which governs the disclosure of court records. At the motion hearing, the district court realized that Abramowski was not just asking that his record be sealed, but that all traces of the case on the court's repository be erased from public view. The district court entered an order sealing Abramowski's record up through the age of twenty-one,

1

but instructed Abramowski to file a motion to expunge the record to give the State an opportunity to respond to his request.

Shortly thereafter Abramowski filed a motion to expunge and was given a hearing, but the district court denied his request for expungement, determining that the public interest in knowing of Abramowski's serious charge predominated over his privacy interests. Abramowski then filed a motion to reconsider and presented witnesses at the reconsideration hearing, but the district court again determined the public interest predominated over his privacy interests. Abramowski appealed, arguing that the district court abused its discretion. We affirm the decisions of the district court and hold that it did not abuse its discretion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2009, fifteen-year-old Matthew Abramowski set fire to his parent's home while they were sleeping. He was thereafter charged with first degree arson. A court-ordered mental evaluation revealed he was—and continues to be—a high functioning autistic with other possible mental health impairments. Abramowski ultimately pleaded guilty to first degree arson, and the district court withheld judgment and placed him on probation.

On March 14, 2017, the district court granted Abramowski's motion to dismiss the case against him because he had not violated any terms or conditions of his probation and there was no longer cause for continuing the probation. After having his case dismissed, Abramowski moved the court to seal his case and remove all traces of it from the Idaho Criminal Repository pursuant to Idaho Court Administrative Rule 32(i). At the motion hearing, Abramowski requested that his case be expunged and removed completely from his record rather than merely sealed. The district court directed him to file a motion to expunge so that the State would have an opportunity to adequately respond, but it nonetheless granted his motion to seal in part and entered an order that his record prior to age 21 be sealed due to the financial hardship he was experiencing. The court found that extraordinary circumstances relating to Abramowski's autism spectrum disorder and serious criminal record prevented him from securing employment and independent living opportunities and therefore entered an order sealing much of his record. The district court judge who presided over the entirety of Abramowski's case was soon retiring, but stated on the record that while he could not control what the other judge was going to decide, if he personally were presiding over the future motion to expunge he "would exercise discretion in [Abramowski's] case to grant" the motion.

2

Following the advice of the district court, Abramowski filed a motion for expungement of his record. At the motion hearing presided over by a new judge, Abramowski argued that all references to his case should be expunged and removed from the record. He supported this argument using the transcript and findings of the previous district court judge. The State argued that the public had the right to know of the charges that were filed against Abramowski. The district court thereafter denied any further expungement of Abramowski's record, citing a predominate public interest:

> By his order, [the previous judge] already has granted some expungement relief to the defendant. In a case such as this, involving a serious and potentially dangerous criminal act, the public interest predominated over the defendant's privacy interest. Because of this, I will not grant any relief in addition to that already granted by [the previous judge].

Not satisfied with the district court's order, Abramowski moved the court to reconsider. Attached to his motion was a letter denying Abramowski's apartment application stating he was denied "based on information obtained from previous landlords or references listed on your application for housing and/or credit bureau report or criminal history reports." At the reconsideration hearing, Abramowski presented two witnesses: Neil Jarski and Diane Abramowski. Mr. Jarski testified that he works as a developmental skills specialist for Abramowski, helping him with his daily living skills among other things. He explained that Abramowski works part-time as a cameraman and volunteers at other places, but that he is generally unsuccessful in finding work, having approximately 90 applications for work ignored. Mr. Jarski also testified that Abramowski was having trouble finding housing; out of the four housing applications he has sent, he has only received one acceptance.

The next witness was Abramowski's mother, Diana. She testified that she has full legal guardianship and conservatorship over Abramowski, and that she believes that her son is being denied housing and employment because of his criminal record. She based this opinion on the fact that she has been his sole landlord since he was born and because he has no credit history. The State again argued that the public interest in knowing of Abramowski's charges was paramount, as the prosecutor stated: "I think . . . keep[ing] the community safe and . . . mak[ing] them aware of who they are going to be potentially employing or having live in their facilities [is important]." The district court reaffirmed its denial of expungement, explaining that the public interest outweighed Abramowski's privacy interest:

3

Although not stated in the [previous] memorandum, a primary consideration [for denying further expungement] was the undisputed fact that the defendant actually committed the acts constituting arson in the first degree, even though as a matter of law the charge ultimately was dismissed following successful completion of a period of probation.

. . .

Having considered the additional evidence and argument presented on behalf of the defendant, I still conclude that the public interest outweighs the defendant's privacy interest.

Abramowski timely appealed.

## II. ISSUES ON APPEAL

**A.** Whether the district court abused its discretion in denying Abramowski's motion to expunge his record.

**B.** Whether the district court abused its discretion in denying Abramowski's motion to reconsider.

## III. STANDARD OF REVIEW

Decisions of the district court to grant or deny relief under Idaho Court Administrative Rule 32 are reviewed for abuse of discretion. *State v. Gurney*, 152 Idaho 502, 503, 272 P.3d 474, 475 (2012). To determine if a trial court abused its discretion, this Court considers whether the trial court (1) perceived the issue as one of discretion, (2) acted within the outer boundaries of that discretion, (3) acted consistently with the legal standards applicable to the specific choices available to it, and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 195 (2018).

## IV. ANALYSIS

This case focuses upon whether the district court abused its discretion in denying Abramowski's motion to expunge and motion to reconsider after it determined that the public's interest in knowing of Abramowski's crime outweighs his privacy interests. Abramowski argues that the district court abused its discretion because it did not act consistently with the applicable legal standards set forth in Idaho Court Administrative Rule 32. The State contends that the district court "perceived the issue as one of discretion, exercised reason, and acted within the boundaries of its discretion and consistently with the legal standards governing Abramowski's motions for expungement and for reconsideration." We agree with the State; the district court did not abuse its discretion.

Before discussing the district court's ruling, the specific relief Abramowski is asking for must be ascertained. In his Motion for Expungement, he asked the district court to "grant him an order of expungement in this case." "'Expungement of record' is the removal of a conviction from a person's record." *State v. Parkinson*, 144 Idaho 825, 827, 172 P.3d 1100, 1102 (2007), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). "'Expunge' means to erase or destroy; to declare null and outside the record, so that it is noted in the original record as expunged, and redacted from all future copies." *Id.* (quoting *Black's Law Dictionary* (8th ed. 2004)). Its Latin root, *expungere*, means "to prick out," because scribes would indicate errors in manuscripts by surrounding them with a series of dots so that future copiers would purge the mistake. Daniele F. Maras, *Etruscan and Italic Literacy and the Case of Rome*, in A COMPANION TO ANCIENT EDUCATION 214 (W. Martin Bloomer ed., 2015). Expungement—the destruction, erasure, or "pricking out" of adult criminal court records—does not exist in the state of Idaho. Even when we have used the word "expungement," we defined it as a mere sealing of a record. *See State v. Turpen*, 147 Idaho 869, 870–71, 216 P.3d 627, 628–29 (2009).

In his briefing and during oral arguments, Abramowski specified that his request for an order of expungement really was a request that any trace of his case be sealed and redacted from public view from the iCourt Portal where Idaho court records may be found. http://mycourts.idaho.gov.  It is Abramowski's belief that potential employers and landlords are denying him opportunities because a search of Idaho court records reveals that he was charged with arson. While this specific relief requested is not expungement, it is relief that may be granted under Idaho Court Administrative Rule 32.

"Idaho Court Administrative Rule 32 governs the records maintained by the judicial department." *Turpen*, 147 Idaho at 871, 216 P.3d at 629. The rule recognizes the public's right to access the records of all proceedings open to the public, but it also provides for access to these records in a manner that protects individual privacy rights and interests. I.C.A.R. 32(a), (a)(6). One way this rule protects an individual's privacy interests is by authorizing the trial court to seal or redact court records on a case-by-case basis. I.C.A.R. 32(i). This process begins with a motion to redact or seal a part or all of the records in any judicial proceedings and is followed by a mandatory hearing. I.C.A.R. 32(i)(1). After the hearing, the trial court must "determine and make a finding of fact as to whether the interest in privacy or public disclosure predominates." *Id.* In

making this determination, "the court is referred to the traditional legal concepts in the law of the right to a fair trial, invasion of privacy, defamation . . . as well as common sense respect for shielding highly intimate material about persons." I.C.A.R. 32(i)(3). If the trial court decides to redact or seal records, it must make a determination in writing that one or more circumstances are met, and it "must fashion the least restrictive exception from disclosure consistent with privacy interests." I.C.A.R. 32(i)(1), (i)(2)(A)–(F).

In this case, the district court held a hearing on Abramowski's motion to expunge his record. At the hearing, Abramowski argued that his charges should be sealed and redacted because he did well on probation, he was only fifteen when the arson occurred, he was having difficulties finding employment and independent housing due to the charge, he has autism, and a previous judge commented that he would order an expungement if he could. The State countered that it was important for the public to know that Abramowski had been charged with and pled guilty to arson—even though judgment was withheld and the case was eventually dismissed—because it is in the public's interest to know this information before allowing him to rent a dwelling. After the hearing, the district court issued a written memorandum where it noted that Abramowski had already been granted some relief by having some records sealed. However, it determined that the public interest in knowing of Abramowski's charges predominated over his privacy interest because of the seriousness and dangerousness of his criminal act, and denied his motion to expunge.

The district court did not abuse its discretion in denying further sealing or redacting of records relating to Abramowski's case. The district court recognized that the determination was one of judicial discretion when it said, "The court must decide, as a matter of . . . judicial determination . . . ." It acted within its discretion in determining that public interest predominated over Abramowski's privacy interests, and the determination was made within reason. The crime of first degree arson is a serious and potentially dangerous criminal act, and it is reasonable to conclude that the public knowing of Abramowski's charges outweighs his privacy interest. Therefore, the district court did not abuse its discretion.

Abramowski argues that the district court abused its discretion because "the dissemination of the materials related to the case would reasonably result—and had already resulted—in economic and financial loss or harm to [him]," and therefore Abramowski's privacy interests outweigh the public interest in disclosure. However, this argument fails to appreciate

6

the discretionary nature of expungement under Idaho Court Administrative Rule 32(i). The rule states that "[p]hysical and electronic records, *may* be. . . sealed or redacted by order of the court on a case-by-case basis," and that *the court shall determine* and make a finding of fact as to whether the interest in privacy or public disclosure predominates." I.C.A.R. 32(i), (i)(1) (emphasis added). The weighing of the privacy interests of an individual against the public's interest in having access to records is, at its core, an individual judgment of the trial court. The fact that Abramowski has experienced economic and financial losses due to his charge does not render the court's judgment an abuse of its discretion.

A similar conclusion is reached when reviewing the district court's denial of Abramowski's motion to reconsider. The district court held a hearing for the motion to reconsider and Abramowski presented two witnesses who testified to his economic and financial hardships stemming from his autism and criminal charge. After reviewing the record and hearing the testimony, the district court again determined that the public interest outweighed Abramowski's privacy interest because he actually committed the acts constituting arson in the first degree. The district court again recognized that the decision of granting the motion to expunge was one of discretion, it acted consistently with the legal standards applicable to the specific choices available to it, it acted properly within that discretion, and it exercised reason in reaching its decision. Thus, the district court did not abuse its discretion in denying both the motion to expunge and the motion to reconsider.

## V.    CONCLUSION

In light of the foregoing, the decisions of the district court are affirmed.

Chief Justice BURDICK, and Justices BEVAN, STEGNER, and MOELLER CONCUR.