**IN THE SUPREME COURT OF THE STATE OF IDAHO**
Docket No. 46577

STATE OF IDAHO,                                    )
                                                   )
      **Plaintiff-Respondent,**          )
                                                   )          **Boise, April 2019 Term**
v.                                                 )
                                                   )          **Filed: August 27, 2019**
ERIC LIVINGSTON WEIGLE,                            )
                                                   )          **Karel A. Lehrman, Clerk**
      **Defendant-Appellant.**           )
                                                   )
                                      )

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Thomas Neville and Deborah A. Bail, District Judges.

The judgment of conviction is <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant Eric Livingston Weigle. Andrea W. Reynolds argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent State of Idaho. Theodore S. Tollefson argued.

_____

STEGNER, Justice.

Eric Livingston Weigle (Weigle) was found guilty of robbing a credit union following a two-day jury trial. During the trial, the State's forensic scientist used a PowerPoint presentation to explain how she matched one of Weigle's known fingerprints to one found on the note used in the robbery. At trial, the presentation was admitted as an exhibit for demonstrative purposes without objection. It was then published to the jury. During its deliberations, the jury asked for a copy of the PowerPoint presentation. Weigle's counsel objected; however, the district court overruled the objection and provided the jury with the presentation. The jury found Weigle guilty. The district court imposed a conviction.

Weigle appealed from his judgment of conviction. The Court of Appeals affirmed. This Court granted his petition for review. Weigle argues that giving the presentation to the jury during deliberations was improper and constituted reversible error. For the following reasons, we

1

affirm the trial court's decision to give the jury the PowerPoint presentation and the sentencing court's judgment of conviction.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 5, 2016, a man committed a robbery at the Icon Credit Union on North Orchard Street in Boise, Idaho. The man handed a teller a note which read, "MONEY on counter or I shoot u!" The man was not wearing gloves. The teller then handed over $1,990 in cash. As the teller handed the man the money, she "scooped the note off onto the ground" as trained, so the authorities could examine it for fingerprints. The man then turned and walked out of the credit union. Multiple bank robbery alarms alerted the police. An officer arrived within a few minutes to secure the credit union. Not long after, a crime scene investigator arrived and took possession of the note as evidence.

After security footage of the man committing the robbery was made public, a call was received by the police in which the caller identified Weigle as the man who had committed the robbery. The police eventually learned that fingerprints had been identified on the note, so they requested a comparison of Weigle's known fingerprints to those on the note. The known prints and the note were then sent to the Ada County Crime Lab for analysis. Natasha Wheatley (Wheatley), the forensic scientist in the lab who specializes in the processing and evaluating of latent fingerprints, was given the task of comparing the fingerprints.

Wheatley analyzed five potential prints to determine if any of them were of value for comparison. She found one of the prints to be of sufficient value for comparison (the fingerprint). Wheatley then compared the fingerprint with Weigle's known prints. After her analysis, Wheatley concluded that the fingerprint obtained from the note matched Weigle's left thumbprint. Wheatley contacted the lead detective and informed him that the print on the note matched Weigle's. As a result, a warrant was issued for Weigle's arrest on October 31, 2016. He was arrested three days later. Weigle was charged with the felony crime of robbery, in violation of Idaho Code sections 18-6501 and 6502. The State also sought a persistent violator sentencing enhancement as set out in Idaho Code section 19-2514. Weigle's trial began on June 27, 2017, and ended the following day.

_____

[1] The judge who presided over the trial was Judge Thomas Neville. The substance of Weigle's appeal involves a ruling during trial by Judge Neville. Following his jury trial, Weigle was sentenced by Judge Deborah Bail. Weigle has appealed from the conviction entered by Judge Bail, which is what is required under the criminal rules. However, he has not challenged anything done by Judge Bail. References to the district court are to Judge Neville, unless otherwise noted.

In preparation for her trial testimony, Wheatley created a PowerPoint presentation which demonstrated how she compared the two fingerprints and why she came to the conclusion she did. At trial, the State moved to admit the presentation "for demonstrative purposes." No objection was voiced by defense counsel and the district court admitted the presentation as State's Exhibit 13. The presentation was then published to the jury. Wheatley testified about the presentation, slide-by-slide, explaining how she had compared and matched the two fingerprints.

During deliberations, the jury submitted an inquiry to the court which read: "We are missing a piece of the State's evidence: State's Exhibit No. 13, the CD PowerPoint Presentation that Natasha Wheatley referred to for the fingerprint analysis." Defense counsel objected and argued that Exhibit No. 13 should not be given to the jury during deliberations because it was only admitted for demonstrative purposes. The district court overruled defense counsel's objection. The district court gave the presentation to the jury with an additional handwritten instruction that read, "Exhibit No. 13 will be submitted to you as requested. Remember that it was admitted for a limited purpose and is the subject of Instruction No. 14."[2] Weigle's counsel objected a second time on the same basis. The objection was again overruled.

The jury found Weigle guilty of robbery. Weigle then pleaded guilty to the persistent violator enhancement.[3] A judgment of conviction was entered on September 18, 2017. Weigle was sentenced to a twenty year unified sentence, with the first six years fixed. Weigle timely appealed. The Court of Appeals affirmed, finding that Weigle's argument on appeal was not properly preserved. This Court then granted his petition for review.

## II. STANDARD OF REVIEW

"When reviewing a case on petition for review from the Court of Appeals this Court gives due consideration to the decision reached by the Court of Appeals, but directly reviews the decision of the trial court." *State v. Schmierer*, 159 Idaho 768, 770, 367 P.3d 163, 165 (2016).

"A defendant appealing from an objected-to, non-constitutionally-based error shall have the duty to establish that such an error occurred . . . ." *State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 974 (2010). If a defendant can demonstrate error, the burden shifts to the State to demonstrate "that the error is harmless beyond a reasonable doubt." *Id.*

---

[2] Instruction No. 14 read in its entirety: "Whenever evidence was admitted for a limited purpose, you must not consider it for any other purpose. Your attention was called to these matters when the evidence was admitted. An example of this would be an exhibit which was admitted for demonstrative or illustrative purposes."

[3] It is not clear that "pleading guilty" to the applicability of a sentencing enhancement is the correct procedure. However, because no one has objected, we will not address this practice.

III. ANALYSIS

**A.     Weigle's argument regarding the applicability of Idaho Code section 19-2203 was preserved.**

Idaho Code section 19-2203 addresses what exhibits may be given to a jury during its deliberations. Weigle contends that section 19-2203 is ambiguous and should be construed to prohibit the jury from being provided demonstrative exhibits during its deliberations. As an initial matter, the State contends that Weigle's argument regarding section 19-2203 was not preserved and thus cannot be addressed on appeal. The State relies on *State v. Garcia-Rodriguez*, 162 Idaho 271, 396 P.3d 700 (2017) for its argument. The Court of Appeals was persuaded by this argument and consequently declined to address the merits of Weigle's appeal. *See Weigle*, No. 45389, 2018 WL 4844785.

Recently, however, this Court addressed *Garcia-Rodriguez* and clarified the rule regarding preservation of arguments on appeal. *See State v. Gonzalez*, 165 Idaho 95, 439 P.3d 1267 (2019), *reh'g denied* (May 17, 2019). In *Gonzalez*, this Court noted that a party may not "raise new substantive issues on appeal or adopt a new position on an issue that the trial court has not had the opportunity to rule on." *Id.* at 98, 439 P.3d at 1270. In contrast, a party may "polish[ ] up its support" for an argument by citing to statutes originally overlooked, so long as the party's legal position does not change. *Id.* (addressing *Ada Cty. Highway Dist. v. Brooke View, Inc.*, 162 Idaho 138, 395 P.3d 357 (2017)). Weigle's case reflects this "polishing up" scenario recognized in *Gonzalez*.

Weigle maintained the same legal position below and on appeal: he contended the presentation should not have been submitted to the jury during deliberations because it had only been admitted for demonstrative purposes. On appeal, Weigle polishes this argument by including a reference to Idaho Code section 19-2203 and arguing that it should be allowed to support his appeal. Because Weigle's argument on appeal is merely an embellishment of his argument below, he is not precluded from making it before this Court.

**B.     Idaho Code section 19-2203 does not apply under these circumstances because it encroaches on this Court's constitutional authority to establish the procedural rules for Idaho's courts.**

"It is well established that the Idaho Supreme Court is uniquely empowered with certain inherent powers. The Court has the inherent power to make rules governing the procedure in all of Idaho's courts." *Talbot v. Ames Constr.*, 127 Idaho 648, 651, 904 P.2d 560, 563 (1995) (citing

*In re SRBA Case No. 39576*, 128 Idaho 246, 255, 912 P.2d 614, 623 (1995); *State v. Beam,* 121 Idaho 862, 863, 828 P.2d 891, 892 (1992)). "The inherent power of the Supreme Court to make rules governing procedure in all the courts of Idaho is hereby recognized and confirmed." I.C. §1-212. Accordingly, this Court has noted that if a statutory provision that is procedural in nature is in conflict with the Idaho Criminal Rules, the rules govern. *See, e.g.*, *State v. Abdullah*, 158 Idaho 386, 484, 348 P.3d 1, 99 (2015); *State v. Johnson*, 145 Idaho 970, 974, 188 P.3d 912, 916 (2008); *Beam*, 121 Idaho at 863, 828 P.2d at 892.

The statute in question here, section 19-2203, reads in full as follows:

> PAPERS WHICH MAY BE TAKEN BY JURY. Upon retiring for deliberation, the jury may take with them all exhibits and all papers (except depositions) which have been received in evidence in the cause, or copies of such public records or private documents given in evidence as ought not, in the opinion of the court, to be taken from the person having them in possession. They may also take with them the written instructions given and notes of the testimony or other proceedings on the trial, taken by themselves or any of them, but none taken by any other person.

I.C. § 19-2203. Although Rule 24.1(b)(4) of the Criminal Rules allows jurors to have copies of admitted exhibits during trial, the Rule is silent on whether those exhibits may be used during deliberations. As such, there is no conflicting criminal rule and the parties have not pointed us to any.[4]

Regardless, and more to the point, "Article II of the Idaho Constitution prohibits the Legislature from usurping powers properly belonging to the judicial department . . . ." *In re SRBA Case No. 39576*, 128 Idaho at 255, 912 P.2d at 623. The Idaho Constitution further states, "The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government[.]" Idaho Const. art. 5, § 13. Although this Court has addressed section 19-2203 with approval in the past, *see, e.g.*, *State v. Barnett*, 133 Idaho 231, 235, 985 P.2d 111, 115 (1999) and *State v. Crea*, 10 Idaho 88, 99–100, 76 P. 1013, 1016–17 (1904), we take this opportunity to conclude section 19-2203 encroaches on this Court's inherent power to determine court processes. The statute dates

---

[4] We have adopted the rule that "[w]hen a statute and rule 'can be reasonably interpreted so that there is no conflict between them, they should be so interpreted rather than interpreted in a way that results in a conflict.'" *State v. Johnson*, 145 Idaho 970, 974, 188 P.3d 912, 916 (2008) (quoting *State v. Currington,* 108 Idaho 539, 543, 700 P.2d 942, 946 (1985) (Bakes, J., dissenting)). However, in *Johnson*, we found the statute at issue to be substantive in nature and thus controlling over the criminal rule if in conflict with it. *Id.* at 974–75, 188 P.3d at 916–17. The opposite case exists here: section 19-2203 is strictly procedural in nature and consequently encroaches on this Court's inherent authority.

from 1864, when Idaho was a territory, long before the recognition that this Court controls its own procedure. Indeed, it was codified long before Idaho's Constitution was created.

We think it is clear that the ambit of section 19-2203, what a jury may be provided while in deliberations, is procedural in nature and not substantive.

> Although a clear line of demarcation cannot always be delineated between what is substantive and what is procedural, the following general guidelines provide a useful framework for analysis. Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus *creates, defines, and regulates primary rights.* In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated.

*Abdullah*, 158 Idaho at 483, 348 P.3d at 98 (italics in original) (quoting *Beam,* 121 Idaho at 863–64, 828 P.2d at 892–93). The regulation of the use of exhibits during jury deliberations is simply not the regulation of a substantive right; it is instead procedural—an operation by which the applicable process is implemented. Defining and resolving this operation is an inherent power of the Supreme Court, and the legislature may not deprive the judicial department of this power. Idaho Const. art. 5, § 13; *Talbot*, 127 Idaho at 651, 904 P.2d at 563. Because Idaho Code section 19-2203 seeks to control this Court's processes, we view it as a nullity and unhelpful in determining what process to employ under the circumstances.

**C.     District courts have discretion to determine how demonstrative exhibits will be used.**

Trial judges are endowed with the discretion to determine whether demonstrative exhibits should be provided to the jury during its deliberations. In making that determination, the trial judge should gauge the potential prejudice that might occur under the circumstances. Rule 105 of the Idaho Rules of Evidence allows evidence to be admitted for a limited purpose with the accompaniment of a limiting instruction.[5]

Trial courts maintain broad discretion in admitting and excluding evidence. *See, e.g.*, *T3 Enterprises, Inc. v. Safeguard Bus. Sys., Inc.*, 164 Idaho 738, 745, 435 P.3d 518, 525 (2019); *State v. Hall*, 163 Idaho 744, 773, 419 P.3d 1042, 1071 (2018), *reh'g denied* (June 28, 2018), *cert. denied*, 139 S. Ct. 1618 (2019) (mem). Rule 611 supports this broad discretion. It reads, "The court should exercise reasonable control over the mode and order of . . . presenting

---

[5] Rule 105 reads: "If the court admits evidence that is admissible . . . for a purpose – but not . . . for another purpose – the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly." I.R.E. 105. It should be noted that the trial judge gave the jury a limiting instruction regarding Exhibit 13. *See* Instruction No. 14, *supra* note 1.

evidence . . . ." I.R.E. 611(a). The corresponding federal rule, Rule 611(a) of the Federal Rules of Evidence, has often been cited "as giving courts general discretion over the use of demonstrative exhibits during trial." *State v. Pangborn*, 836 N.W.2d 790, 799 (Neb. 2013) (citing to cases from the First, Second, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits).

In *Pangborn*, the Supreme Court of Nebraska performed a lengthy and apt analysis, including an examination of many other jurisdictions, to articulate the rule that "the submission of demonstrative exhibits to the jury during deliberations should be left to the discretion of the trial court. Accordingly . . . a trial judge may exercise his or her broad judicial discretion to allow or disallow the use of demonstrative exhibits during jury deliberations." *Id.* at 802. However, the Nebraska court properly subjected the trial court's discretion to the requirement that the district judge weigh the potential prejudice and provide adequate safeguards to address any prejudice, including a limiting instruction. *Id.* at 802–04.

The court in *Pangborn* reasoned as follows:

> Just because demonstrative exhibits are not substantive evidence does not mean that they should be excluded automatically from jury deliberations. As mentioned earlier, the explicit purpose of a demonstrative exhibit is to aid the jury in its consideration of the evidence and issues in a case. Undoubtedly, in a complex case, demonstrative exhibits would be most helpful when the jury considers the totality of the evidence during deliberations. As the Seventh Circuit has stated, demonstrative exhibits "often are useful tools that enable the jury to visualize and organize the large volume of data produced by trial testimony."

> Precisely because demonstrative exhibits can be exceedingly useful, many courts allow demonstrative exhibits to be used in jury deliberations under certain circumstances.

*Id.* at 798–99 (footnotes omitted). In establishing the requirement for adequate safeguards against prejudice, the Nebraska court recognized the potential for a jury to misuse demonstrative exhibits during deliberations:

> Despite their potential usefulness, demonstrative exhibits also carry the potential to prejudice the party against whom such exhibits are used.

> If used improperly, demonstrative exhibits can distract the jury from considering all of the evidence presented, causing them instead to unfairly emphasize only portions of the evidence. If all parties to a case do not submit demonstrative exhibits, the jury may be tempted to focus more heavily on the evidence to which it has "easy reference." Because they are often prepared specifically for use in litigation, demonstrative exhibits can be tempting vehicles

for conveying prejudicial language and assumptions or inadmissible evidence to the jury.

Furthermore, if not instructed on the limited purposes of demonstrative exhibits, the jury may assume that demonstrative exhibits constitute primary proof of the information contained therein, leading the jury to shirk its duty to determine the truth and accuracy of the evidence. The jury may attribute undue weight or credibility to evidence summarized or illustrated in demonstrative exhibits. Or a jury may find the simplicity with which demonstrative exhibits present complex or technical information to be compelling and persuasive. On the other hand, demonstrative exhibits that are not properly explained may ultimately confuse or mislead the jury.

Given the possibility for such forms of prejudice, a trial judge must carefully consider the potential prejudice that may arise from the use of demonstrative exhibits during jury deliberations.

*Id.* at 802–03 (footnotes omitted). The court then listed potential safeguards, beyond the use of a limiting instruction,

requiring the proponent of the exhibit to lay foundation for its use outside the presence of the jury, having the individual who prepared the exhibit testify concerning the exhibit, allowing extensive cross-examination of the individual who prepared the exhibit, giving the opponent of the exhibit the opportunity to examine the exhibit prior to its admission and to identify errors, excising prejudicial content prior to submitting the exhibit to the jury, and giving the opposing side the opportunity to present its own exhibit.

*Id.* at 803–04 (footnotes omitted). Accordingly, we hold that Idaho trial judges have the discretion to allow demonstrative exhibits to be given to the jury during its deliberations, especially if appropriate safeguards are employed to address potential prejudice.

**D.     The district court did not abuse its discretion by providing Exhibit 13 to the jury during its deliberations.**

When an alleged error is preserved by contemporaneous objection, as it was here, the harmless error test applies and the defendant has the initial burden of showing that the district court committed an error. *Perry*, 150 Idaho at 227, 245 P.3d at 979; *Abdullah*, 158 Idaho at 438, 348 P.3d at 53. Given the analysis above, Weigle must demonstrate that the district court abused its discretion by allowing the demonstrative exhibit to be given to the jury during deliberations. *See Abdullah*, 158 Idaho at 438–39, 348 P.3d at 53–54 (this Court reviews whether a defendant

8

has demonstrated that the admission of evidence was in error, within the harmless error test, under the abuse of discretion standard).

When determining whether the trial court abused its discretion, this Court considers "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

We find the district court did not abuse its discretion. First, Judge Neville recognized the discretionary nature of his decision even while noting that Judge Bail, the judge for whom he was substituting, employed a different procedure. Further, the district court specifically contemplated the curative nature of the limiting instruction he originally provided (Instruction No. 14) and then instructed the jury "Exhibit No. 13 will be submitted to you as requested. Remember that it was admitted for a limited purpose and is the subject of Instruction No. 14." *See Pangborn*, 836 N.W.2d at 803 (noting that several circuits have found "limiting instructions can limit or even eliminate" potential prejudice). Moreover, some of the additional safeguards listed by *Pangborn* were also present here: the individual who prepared the exhibit, Wheatley, testified about the exhibit, and defense counsel had the opportunity to cross-examine her. 836 N.W.2d at 803–04.

Analyzing what transpired at trial, the district judge acted within the boundaries of his discretion. Because the district court did not err in giving Exhibit 13 to the jury during its deliberations, Weigle has not satisfied his initial burden under the harmless error test. Consequently, we need not reach the second prong of that test.

## IV. CONCLUSION

For the foregoing reasons, we find the district court did not abuse its discretion when it gave Exhibit 13 to the jury during its deliberations. We therefore affirm the judgment of conviction.

Chief Justice BURDICK, Justices BRODY, BEVAN and MOELLER CONCUR.