**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 49358**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Caldwell, May 2023 Term |
| | ) | |
| v. | ) | Opinion Filed: November 17, 2023 |
| | ) | |
| NICKOLAUS AARON OLDENBURG, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Patrick J. Miller, District Judge.

The order of the district court is <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender, Boise, for Appellant, Nickolaus Aaron Oldenburg. Justin M. Curtis argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent, State of Idaho. Kenneth K. Jorgensen argued.

_____

STEGNER, Justice.

Following the State's dismissal of criminal charges against him, Nickolaus Oldenburg filed a motion in district court to seal the criminal court file pursuant to Idaho Code section 67-3004(10). The State did not contest the motion. Nevertheless, the district court concluded that it did not have the authority to seal Oldenburg's case file under section 67-3004(10) and, therefore, could not grant his request. As a result of its analysis, the district court denied Oldenburg's motion. Oldenburg appeals from the district court's denial of his request. For the reasons discussed below, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Nickolaus Oldenburg was originally charged with thirteen felonies. As part of a plea agreement resolving three separate cases against him, the district court dismissed all thirteen charges included in the underlying criminal information. The State never refiled the dismissed charges.

1

After the charges were dismissed, Oldenburg succeeded in obtaining the expungement of the Idaho State Police records that related to his charges. Idaho Code section 67-3004(10) gives authority to the Idaho Bureau of Criminal Identification to expunge "the fingerprint and criminal history record" in certain circumstances. The statute states:

> Any person who was arrested or served a criminal summons and who subsequently was not charged by indictment or information within one (1) year of the arrest or summons and any person who was acquitted of all offenses arising from an arrest or criminal summons, or who has had all charges dismissed, may have the fingerprint and criminal history record taken in connection with the incident expunged pursuant to the person's written request directed to the department and *may have the official court file thereof sealed.* This provision shall not apply to any dismissal granted pursuant to section 19-2604(1), Idaho Code.

I.C. § 67-3004(10) (italics added). Following the expungement of his records by the Idaho State Police, Oldenburg moved the district court in this case to seal the "criminal court file" relating to the charges pursuant to Idaho Code section 67-3004(10). The State did not oppose Oldenburg's motion.

Even though there was no opposition to his motion, the district court denied Oldenburg's motion to seal the records in this criminal case. The district court reasoned that it lacked the authority to seal the records because the Idaho Supreme Court has not adopted specific "rules affecting court records" in the manner authorized by Idaho Code section 67-3004(10). In other words, the district court determined that section 67-3004(10) was, in its words, not "self-executing[.]" Instead, the district court concluded that the statute requires the creation of "a specific mechanism by which to exercise the right[.]" Without such a mechanism in place, the district court determined that it lacked the authority to seal Oldenburg's criminal court file pursuant to section 67-3004(10). Oldenburg timely appealed the district court's denial of his request.

## II.    STANDARD OF REVIEW

"This Court exercises free review over legal questions presented by the construction and application of a statute." *State v. Schall*, 157 Idaho 488, 492, 337 P.3d 647, 651 (2014) (internal citation omitted).

## III.    ANALYSIS

The central question in this appeal is whether Idaho Code section 67-3004(10) is a mechanism by which a lower court may seal court records. Below, Oldenburg moved the district court, pursuant to Idaho Code section 67-3004(10), to seal the criminal court file involving charges

brought against him which were later dismissed in their entirety. The district court concluded it lacked the requisite authority to grant Oldenburg relief absent some additional authority that had yet to be approved by this Court. The district court distilled its analysis of section 67-3004(10) to three clarifying questions: "(1) [W]hat, if any, administrative rules or mechanisms apply to the request [to seal the criminal court file], (2) to what body is the request addressed[,] and (3) in the absence of such provisions, has this [c]ourt been given the authority to act?"

The district court then concluded, *sua sponte*, that the Idaho Constitution and the Idaho Court Administrative Rules vest the control of "access to court records" exclusively with the Idaho Supreme Court. The district court explained that this Court "adopted . . . [I.C.A.R.] 32(i)[1] to address sealing of records[,]" but it has not adopted any alternative rules that suggest that Idaho Code section 67-3004(10) "provides a separate and independent basis" to seal a court's file. Therefore, because Oldenburg moved to seal his court file only under section 67-3004(10) and not also under I.C.A.R. 32(i), the district court concluded it did not have the authority to seal the court file. The district court similarly concluded that the Idaho State Police ("ISP") did not have the authority to order Oldenburg's court file sealed since the ISP does not exercise control over Idaho court records.

This Court's jurisprudence and the Idaho Constitution, Article V, section 2, make it clear that this Court "has the inherent power to make rules governing the procedure in all of Idaho's courts." *State v. Weigle*, 165 Idaho 482, 486, 447 P.3d 930, 934 (2019) (quoting *Talbot v. Ames Constr.*, 127 Idaho 648, 651, 904 P.2d 560, 563 (1995)). In *State v. Griffith,* we held: " While the legislature has authorized this Court to formulate rules of procedure, this Court has the inherent authority, made especially clear by the amended provisions of Article V, [s]ection 2, of the Idaho Constitution to make rules governing procedure in the lower courts of Idaho." *State v. Griffith,* 97 Idaho 52, 58, 539 P.2d 604, 610 (1975). This power is codified in Idaho Code section 1-212: "The inherent power of the Supreme Court to make rules governing procedure in all the courts of Idaho is hereby recognized and confirmed." With the authority to create its own rules, this Court expressly adopted I.C.A.R. 32 to "govern[] the records maintained by the judicial department." *State v. Turpen*, 147 Idaho 869, 871, 216 P.3d 627, 629 (2009). I.C.A.R. 32(i) reads in part:

---

[1] For the sake of brevity, this opinion does not spell out "Idaho Court Administrative Rule" every time a provision is cited. Instead, "I.C.A.R. [number]" refers to the applicable Idaho Court Administrative Rule. No other set of rules are at issue in this case.

"Physical and electronic records, may be disclosed, or temporarily or permanently sealed or redacted by order of the court on a case-by-case basis."

Until 2018, I.C.A.R. 32 was the only mechanism available to defendants seeking to seal court records. Then, in 2018, the Idaho Legislature amended Idaho Code section 67-3004(10) to add the following underlined language:

> Any person who was arrested or served a criminal summons and who subsequently was not charged by indictment or information within one (1) year of the arrest or summons and any person who was acquitted of all offenses arising from an arrest or criminal summons, or who has had all charges dismissed, may have the fingerprint and criminal history record taken in connection with the incident expunged pursuant to the person's written request directed to the department and may have the official court file thereof sealed. This provision shall not apply to any dismissal granted pursuant to section 19-2604(1), Idaho Code.

S.B. 1314, 64th Leg., 2d Reg. Sess., 2018 Idaho Sess. Laws 674-675.

Prior to these amendments, relief under Idaho Code section 67-3004(10) related only to expungement[2] of police records. However, the most recent version of the statute is an attempt to expand the relief available to *seal* official Idaho court records as well. The amendment also widens those persons covered by the statute to include individuals who have had all charges against them dismissed. These amendments indicate that the legislature intended to provide individuals covered by the statute the benefit of having their court records sealed, rather than limiting that relief solely to the expungement of police records.

Oldenburg contends that the amendments to section 67-3004(10) made by the Idaho Legislature in 2018, as well as the plain language of Idaho Code section 67-3003(2),[3] act on their own to expand the basis for sealing Idaho court records. Specifically, Oldenburg argues that by enacting the 2018 amendment, the legislature intended to provide a broader category of defendants the ability to seal their underlying criminal case than what was provided under I.C.A.R. 32. The State counters that Idaho Code section 67-3004(10) cannot operate independently because, if it did, then the statute would be an impermissible overreach into the authority vested to the Idaho Supreme Court by Article V, section 13, of the Idaho Constitution.

---

[2] For the sake of clarity, we find it important to, once again, distinguish *expungement* from the act of *sealing* a record. Expungement refers to the complete removal, erasure, or destruction of a record. *See State v. Abramowski*, 164 Idaho 857, 860, 436 P.3d 678, 682 (2019). In contrast, sealing a record does not result in the destruction of those records but instead prevents them from being publicly accessible. *See id.*; I.C.A.R. 32(g) and (i).

[3] Idaho Code section 67-3003(2) reads as follows: "In accordance with chapter 52, title 67, Idaho Code, the department [Idaho State Police] may adopt rules . . . . Rules relating to information maintained and reported by the court shall be made after consultation with *and approval by the Idaho supreme court*." (Italics added.)

Article V, section 13, of the Idaho Constitution provides: "[t]he legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a coordinate department of the government; . . ." We have held that this provision "forbids the legislature from exercising powers rightly pertaining to the judicial department. This is a direct recognition and reiteration of the separation of powers provided by Art. 2, § 1 [of the Idaho Constitution]." *R. E. W. Const. Co. v. District Court of Third Jud. Dist.,* 88 Idaho 426, 437, 400 P.2d 390, 397 (1965). In this same vein, we have held "[t]his [C]ourt always must be watchful, as it has been in the past, that no one of the three departments of the government encroach upon the powers properly belonging to another." *State v. Olivas,* 158 Idaho 375, 380, 387 P.3d 1189, 1194 (2015) (citations omitted, brackets in original). Given the plain language of Idaho's constitution and this Court's interpretation of it, we agree with the State's argument that Idaho Code section 67-3004(10) impermissibly violates Idaho's separation of powers doctrine.

Accordingly, we hold that the district court correctly concluded that the legislature could not independently vest the district court with the authority to seal Oldenburg's court file. The control of court records resides within the prerogative of this Court, and this Court has adopted I.C.A.R. 32 to govern a defendant's request to seal court records. In the event of a conflict between this Court's procedural rules and a "statutory provision that is procedural in nature[,]" this Court's rules govern. *Weigle*, 165 Idaho at 486, 447 P.3d at 934 (internal citations omitted). When the statute is procedural, it is viewed as an attempt "to control this Court's processes" and is classified as an impermissible overreach into the authority of this Court to develop its own procedures. *Id.* at 487, 447 P.3d at 935.

Holding that the 2018 amendments obviate the need for I.C.A.R. 32(i) would effectively give the Idaho Legislature the authority to seal Idaho court records, in contravention of the Idaho Constitution. "Article II [section 1] prohibits the [l]egislature from usurping powers properly belonging to the judicial department[.]" *Weigle,* 165 Idaho at 486–87, 447 P.3d at 934–35 (internal citation omitted). Additionally, as explained by the district court, the ISP "cannot order court records sealed[,]" and Idaho Code section 67-3004(10) does not grant it the authority to do so. The power to set rules governing that process resides with this Court.

Thus, the district court correctly found that Idaho Code section 67-3004(10) impinges on this Court's prerogative to make its own rules which govern its own procedure. Accordingly, the decision of the district court is affirmed.

## IV. CONCLUSION

We affirm the district court's order concluding that it did not have the authority to seal the court records pertaining to the charges brought against Oldenburg pursuant to Idaho Code section 67-3004(10). Nothing in this opinion should be read to preclude Oldenburg from making a similar request under I.C.A.R. 32(i).

Chief Justice BEVAN and Justices BRODY, MOELLER and ZAHN CONCUR.